■ GEORGE W. BROWN, INC., Appellant, v. PIPE WELDING SUPPLY, INC., Respondent.— GIBSON, P. J. Appeal by plaintiff from a judgment, entered upon a verdict, which dismissed the complaint in an action to recover for damages to plaintiff's trailer and its cargo by reason of the alleged negligence of defendant in the operation of its vehicle, whereby the latter collided with a tractor, owned by one Kunkle and operated by Kunkle's employee, which was towing plaintiff's trailer. Specifically upon the basis of section 59-a of the Vehicle and Traffic Law (now § 388, subd. 1, in part), the trial court charged that any negligence on the part of the driver in the operation of the tractor to which plaintiff's trailer was attached would be imputed to plaintiff in its action against the defendant. It has long been settled, however, that former section 59 (now § 388, in part) may be invoked to impute the operator's negligence to the owner " only in actions brought *by* third persons against the owner." (*Mills* v. *Gabriel*, 259 App. Div. 60, 62, affd. 284 N. Y. 755; emphasis as in original.) Former section 59-a was enacted to complement, and become the counterpart of former section 59, by applying the same rule

of liability to a tractor-trailer combination and creating joint and several liability in case of diverse ownership of the separate units. Clearly, therefore, the rule of *Mills* v. *Gabriel* is equally applicable to former section 59-a and that section was in this case improperly invoked to defeat the trailer owner's recovery in his suit *against* the owner of the other motor vehicle. (See *Cote* v. *Autocar Sales & Serv. Co.*, 191 Misc. 988.) Respondent contends that if the charge be found erroneous under the *Mills* v. *Gabriel* rule, the verdict may be sustained nevertheless on the basis of an asserted factual inference that the tractor driver was operating appellant's trailer with appellant's permission, in its business and for its benefit, citing *Selles* v. *Smith* (4 N Y 2d 412). Although *Selles* involved additional factors, including proof of direction and control, we need not rest our decision upon that distinction as, in any event, the theory now advanced by respondent was not the basis upon which the case was submitted. It is possible that the verdict was predicated on the jury's conclusions with respect to the proper issues of negligence, without reference to the theory of vicarious liability charged; but the general verdict does not, of course, indicate which of the theories submitted was adopted and since the verdict cannot be sustained on both, a new trial is required. (*Finkle* v. *Zimmerman*, 26 A D 2d 179; *Sharick* v. *Marvin*, 1 A D 2d 284.) Judgment reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.