■ JOEL WALTER et al., Appellants, v STATE OF NEW YORK, Respondent. [651 NYS2d 704] —Cardona, P. J. Appeal from an order of the Court of Claims (Hanifin, J.), entered December 15, 1995, which denied claimants' application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

On July 8, 1994, claimant Joel Walter (hereinafter claimant) was injured during the course of his employment when he fell on a wooden platform near the opening of a shaft. He was performing inspection work, pursuant to his employer's contract with the State, on the 19th floor of a State office building when, in an attempt to avoid a wheelbarrow filled with

debris, his feet became entangled in cables resulting in the fall. Approximately one year later, claimants sought permission to file a late notice of claim. The proposed claim alleges personal injuries and derivative losses resulting from the State's negligence and violations of the Labor Law. The Court of Claims denied claimants' application and this appeal ensued.

In making a determination whether to grant an application to file a late notice of claim, the Court of Claims must consider the factors enumerated in Court of Claims Act § 10 (6), and no particular factor is controlling (see, Witko v State of New York, 212 AD2d 889). In declining to exercise its discretion in claimants' favor, the Court of Claims found that to do so "would be futile * * * when there is no appearance of merit". While we agree with the Court of Claims' conclusion that there is no merit to claimants' Labor Law §§ 240 and 241-a causes of action against the State, we reach a contrary conclusion with respect to the causes of actions alleging violations of Labor Law §§ 200 and 241 (6) and negligence. Notably, the Court of Claims' assessment that these causes of action had no merit was based solely on its application of the primary assumption of risk doctrine to the instant facts.

Despite claimant's unequivocal acknowledgment that he had observed the debris-covered platform prior to his fall and considered this condition hazardous, the facts of this case do not fall within the parameters of the doctrine of primary assumption of risk. The doctrine—which serves to relieve a defendant of its duty of reasonable care and is a complete bar to recovery—applies to those situations where the activity in which the plaintiff is voluntarily participating is *itself* inherently risky, such as sporting and entertainment events, and the injury-causing event is a known, apparent or reasonably foreseeable consequence of such participation (see, Turcotte v Fell, 68 NY2d 432, 437-439; Cohen v Heritage Motor Tours, 205 AD2d 105, 108; Lamey v Foley, 188 AD2d 157, 162-164). In the instant case, we find that claimant's decision to traverse the platform, despite knowledge of its condition, simply does not involve an inherent, increased risk of danger. On the contrary, claimant's action is a factor to be considered in assessing his culpable conduct, rather than constituting primary assumption of risk, and does not bar recovery (see, CPLR 1411; see also, Weller v Colleges of Senecas, 217 AD2d 280; Cohen v Heritage Motor Tours, supra, at 109). If this Court were to hold otherwise, it would essentially be eviscerating well-established comparative negligence and Labor Law principles and aggrandizing the doctrine of primary assumption of risk well be-

yond its intended scope. Accordingly, contrary to the Court of Claims' assessment, we find that claimants have set forth sufficient factual allegations demonstrating that the claim has an appearance of merit.

While the Court of Claims properly rejected claimants' excuse for the delay and recognized that other remedies were available to them, it also properly found, given the uncontradicted evidence that the Office of General Services manager in charge of the project was informed of claimant's fall the day it happened and signed an accident report confirming this information on July 12, 1994, that the State had actual notice of the essential facts constituting the claim and an opportunity to investigate the incident, and that no substantial prejudice would accrue to it if the late notice was permitted (cf., Riefler v State of New York, 228 AD2d 1000). Upon our review of all statutory factors, we find, on balance, that they weigh in favor of granting claimants' application (see, Matter of Donaldson v State of New York, 167 AD2d 805).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the facts, with costs, and claimant's application for permission to file a late notice of claim granted.