■ In the Matter of FELIX HERNAIZ, Respondent, v WHITE PLAINS PARKING AUTHORITY, Appellant. [661 NYS2d 975] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 20, 1996, which granted the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court properly found that the appellant received actual notice of the essential facts constituting the claim when the claimant filled out an accident report with the appellant's representatives immediately after the accident and that the appellant suffered no prejudice *(see, Walter v State of New York,* 235 AD2d 623; *Matter of Zimmet v Huntington Union Free School Dist.,* 187 AD2d 436). Accordingly, it cannot be said that the Supreme Court improvidently exercised its discretion when it granted the application for leave to serve a late notice of claim *(see, Fenton v County of Dutchess,* 148 AD2d 573). O'Brien, J. P., Sullivan Goldstein and Luciano, JJ., concur.

■ In the Matter of MARIO K. LISA K., Appellant. [661 NYS2d 974] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the basis of the mental incapacity of the mother, the mother appeals from an order of disposition of the Family Court, Orange County (Bivona, J.), dated November 21, 1995, which, *inter alia,* terminated her parental rights on the ground that she currently is, and for the foreseeable future will be, unable by reason of mental illness to provide proper and adequate care for the child. The appeal brings up for review a fact-finding order of the same court, dated October 10, 1995, which, after a fact-finding hearing, found that the mother is suffering from a mental illness which renders her unable to care for her child.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We have reviewed the record and agree with the appellant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *cf., People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.