■ STEPHEN E. BOYCE, Respondent-Appellant, v JAMES VAZQUEZ et al., Individually and as Partners Doing Business as HIGH LINE AUTO BROKERS, Respondents, and DONNA M. PEMBRIDGE, as Executor of LEONARD E. PEMBRIDGE, Deceased, Appellant-Respondent. [671 NYS2d 815] —White, J. Cross appeals from an order of the Supreme Court (Coutant, J.), entered October 30, 1996 in Broome County, which, *inter alia*, denied defendant Donna M. Pembridge's motion for summary judgment dismissing the complaint against her.

When plaintiff exited a convenience store around 8:00 P.M. on November 19, 1995 and reentered his 1980 Ford pickup truck, he was unable to start it. He sought assistance from Leonard E. Pembridge (hereinafter decedent), who agreed to tow plaintiff's vehicle so that plaintiff could pop start[1] it. Decedent proceeded to tow plaintiff's truck onto North Street in the Village of Endicott, Broome County. After going about 50 feet, plaintiff started the truck and gave decedent a prearranged signal that he was under way. Decedent pulled over to the parking lane of North Street and stopped under a streetlight at a point where both of his passenger side tires were within 12 to 14 inches of the curb. Plaintiff stopped his vehicle behind decedent's but did not disconnect the tow chain since the truck's starter was stuck and he had to disengage it to avoid engine damage. As plaintiff was working on the starter, decedent was standing next to the driver's door of plaintiff's truck flagging traffic around the stopped vehicles. He had done this for about five minutes when a 1988 Ford Ranger truck owned by defendant High Line Auto Brokers[2] and operated by defendant James Vazquez struck the rear of plaintiff's truck, pushing it into decedent's vehicle and pinning plaintiff be-

1. A procedure to start a vehicle by getting it moving to a certain speed and then releasing the clutch.
2. Defendants Nicholas Mendolia and Richard Wilson are the partners comprising the High Line partnership.

tween them, causing catastrophic injuries to plaintiff's lower extremities.

Thereafter, plaintiff commenced this personal injury action alleging, *inter alia*, that decedent was negligent in parking his vehicle because he forced plaintiff to stop his truck at a point where a portion of it protruded into the eastbound lane of travel of North Street where it created a substantial and foreseeable risk of harm. On plaintiff's motion, Supreme Court removed from Binghamton City Court a property damage action commenced by High Line and consolidated it with this action. Upon the completion of the pretrial depositions, decedent moved for summary judgment dismissing the complaint and all cross claims or, in the alternative, for leave to interpose a defense based upon CPLR article 16. Besides opposing the motion, plaintiff sought leave to amend his complaint to include an allegation that decedent was negligent in flagging traffic. Supreme Court denied all the motions, prompting appeals by decedent[3] and plaintiff.

To prevail on his motion, decedent was required to come forward with proof establishing, as a matter of law, that he exercised that degree of care which a reasonably prudent person would have exercised while engaged in a towing operation with its known and reasonably foreseeable hazards (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967; *see also*, 8B NY Jur 2d, Automobiles, § 919, at 109; 6A Warren, Negligence in the New York Courts, Collisions of Motor Vehicles, § 9.18 [2], at 360-361 [4th ed]). To satisfy this burden, decedent relied heavily on plaintiff's deposition testimony wherein he stated that, prior to the impact, his truck was parked behind decedent's vehicle with his right front passenger side wheel touching the curb and his right rear passenger side wheel a few inches away from the curb. He further testified that there was sufficient room for traffic to pass the parked cars without having to go over the center line of North Street. Decedent claims that this proof, corroborated by two independent witnesses, establishes his freedom from negligence as it shows that the vehicles did not obstruct traffic.

Decedent's reliance on plaintiff's original deposition testimony was misplaced because, two weeks prior to the service of his motion, plaintiff, in the manner prescribed by CPLR former 3116 (a) (as amended by L 1993, ch 98, § 7), made changes in his deposition which placed the rear part of his truck in the eastbound lane of travel of North Street, thereby creating an

---

**3.** Decedent died while this appeal was pending and the executor of his estate was substituted as a party in his place.

obstruction. Decedent contends that Supreme Court should have disregarded these changes. We disagree since witnesses have the explicit right to change deposition testimony provided that they do so in accordance with CPLR former 3116 (a) (*compare, Rodriguez v Jones*, 227 AD2d 220; *see*, 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3116.02). Decedent also contends that the corrections should not be considered because they are not credible. This contention is unavailing since it is not the court's function on a summary judgment motion to assess credibility unless untruths are clearly apparent (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 631; *Walts v Badlam*, 214 AD2d 875, 876). On the present state of the record, plaintiff's corrections do not appear to be patently untrue as they conform to Vazquez's version of the accident and, thus, we shall leave the credibility issue to the jury.

Our function on a summary judgment motion is to view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference, and determine whether there is any triable issue of fact outstanding (*see, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.*, 83 NY2d 178, 182; *Simpson v Simpson*, 222 AD2d 984, 986). Assessed in this perspective, the record presents conflicting evidence regarding the position of plaintiff's parked truck immediately prior to impact. In the event it is found that the truck was obstructing traffic, liability could be imposed upon decedent since such act can constitute negligence (*see, Commisso v Meeker*, 8 NY2d 109, 117). Therefore, we agree with Supreme Court that summary judgment in decedent's favor was not appropriate. Despite this, decedent urges us to award him summary judgment on the ground that plaintiff's action is barred by the doctrine of primary assumption of risk. We decline decedent's invitation because the application of that doctrine is limited to plaintiffs who are injured while voluntarily participating in a sporting or entertainment activity (*see, Comeau v Wray*, 241 AD2d 602, 604; *Walter v State of New York*, 235 AD2d 623).

In its property damage action, High Line is apparently attempting to impose vicarious liability upon decedent pursuant to Vehicle and Traffic Law § 388 (1), which provides, in relevant part, that "[w]henever any vehicles * * * shall be used in combination with one another, by attachment or tow, the person using or operating any one vehicle shall, for the purposes of this section, be deemed to be using or operating each vehicle in the combination, and the owners thereof shall be jointly and severally liable hereunder". Decedent contends that this statute is inapplicable since the vehicles were not be-

ing used in a towing operation because they were parked prior to the accident. This fact is not dispositive because the "use" of a vehicle encompasses more than just driving it (*see, Gering v Merchants Mut. Ins. Co.*, 75 AD2d 321, 323). Thus, a person unloading his trunk was "using" his vehicle when it was struck and he was pinned between his car and another (*see, Matter of 20th Century Ins. Co. [Lumbermen's Mut. Cas. Co.]*, 80 AD2d 288).

Here, the vehicles were still chained together and it appears that plaintiff might have required an additional tow since he was attempting to shut off his truck's engine. In view of these circumstances, we concur with Supreme Court's analysis that there is a triable issue of fact as to whether the vehicles were being used in a towing operation at the time of the accident. We also agree with Supreme Court that the benefits of Vehicle and Traffic Law § 388 (1) are not available to plaintiff as the statute may be invoked only in actions brought by third persons against an owner of a vehicle (*see, George W. Brown, Inc. v Pipe Welding Supply*, 26 AD2d 855).

As to the parties' motions for leave to amend their pleadings, such leave is freely given in the absence of prejudice or surprise but may be denied when the proposed pleading is plainly lacking in merit (*see, Solondz v Barash*, 225 AD2d 996, 999). In this instance, Supreme Court properly denied decedent leave to assert a defense under CPLR article 16 because such defense plainly lacks merit since decedent's liability, if any, can only arise out of his use and/or operation of a motor vehicle (*see,* CPLR 1602 [6]). Likewise, plaintiff's request to add an allegation that decedent negligently flagged the traffic was properly denied as it lacks evidentiary support in the record (*see, Wood Realty Trust v Storonske Cooperage Co.*, 229 AD2d 821, 822).

For these reasons, we affirm Supreme Court's order.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs, in accordance with this Court's decision and order dated and entered January 15, 1998. [As amended by unpublished order entered June 18, 1998.]