■ NAUMI ALCALAY, Respondent, v FLEETMARK INC., Also Known as HLR CORP., et al., Appellants, et al., Defendant. [698 NYS2d 676] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered June 29, 1999, which, in an action for personal injuries, denied defendants-appellants' motion to dismiss, for failure to state a cause of action, so much of the action as seeks to hold them liable under Vehicle and Traffic Law § 388, unanimously affirmed, without costs.

Plaintiff was walking in a crosswalk when a van, owned by and leased to defendants-appellants, that was being towed by a tow truck owned by the nonappealing defendant, became detached from the tow truck and struck plaintiff. Appellants' van was being towed because the keys to it were lost. At the time of the accident the van driver was a passenger in the tow truck, and the van was locked, had no persons in it and its engine was not running. Under these facts, appellants can be held liable under Vehicle and Traffic Law § 388 (1), which provides that "[w]henever any vehicles as hereinafter defined shall be used in combination with one another, by attachment or tow, the person using or operating any one vehicle shall, for the purposes of this section, be deemed to be using or operating each vehicle in the combination, and the owners thereof shall be jointly and severally liable hereunder." We reject appellants' argument that a disabled vehicle, such as their van, designed and intended to be operated independently of a towing vehicle, cannot be used in combination with a towing vehicle. Use of the word "whenever" indicates that the statute is not limited to situations where the attached or towed vehicle is itself operable, but applies "whenever any vehicles" are used in combination, by attachment or tow (see, Boyce v Vazquez, 249 AD2d 724). Neither towed nor towing vehicles are in terms excluded from the definition of "vehicle" in subdivision (2), and the fact that the van was not being driven at the time of the accident does not mean that it was not being "used" within the

meaning of the statute (*see*, *supra*, at 726-727, citing, *inter alia*, *Gering v Merchants Mut. Ins. Co.*, 75 AD2d 321, 323).

It would be helpful if the motion court addressed the requirements of the CPLR to make findings of fact and conclusions of law. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.