McCarthy, J.
Appeal from an order of the Supreme Court (Dowd, J.), entered March 18, 2011 in Chenango County, which, among other things, granted defendant Roger Monaco’s motion to dismiss the complaint against him.
Plaintiffs commenced this action against numerous parties, mainly alleging that the municipal defendants violated plaintiffs’ rights by denying them a building permit and area variance for their property in the Town of Oxford, Chenango County. Defendant Roger Monaco (hereinafter defendant) was the attorney who represented plaintiffs at the closing when they purchased that property. Defendant moved to dismiss the complaint against him.* Plaintiffs cross-moved to find defendant in default and for summary judgment based on that default. Supreme Court granted defendant’s motion and denied the cross motion. Plaintiffs appeal.
Plaintiffs failed to state a cause of action against defendant. The complaint does not list legal malpractice as a separate cause of action (see CLPR 3014), and all of the allegations concerning defendant are contained in the “statement of facts” portion of the complaint rather than under a specified cause of action. Even accepting the allegations as true and liberally construing the complaint to be alleging legal malpractice against defendant, the allegations are insufficient to make out a prima facie case. An action for legal malpractice requires proof that the attorney failed to exercise the reasonable skill and knowledge ordinarily possessed by a member of the legal profession, that this negligence was the proximate cause of the client’s loss or injury, and that the client sustained actual damages (see M & R Ginsburg, LLC v Segal, Goldman, Mazzotta & Siegel, P.C., 90 AD3d 1208, 1208-1209 [2011]). Plaintiffs allege that defendant knew or should have known of the Town’s zoning ordinances that could affect plaintiffs’ rights as landowners, but failed to advise them of those rights. They further allege that defendant’s actions inflicted emotional distress and caused them to expend money to save their house. These allegations do not set out the standard of skill required of an attorney or state that defendant’s actions fell below that skill level (see heder v Spiegel, *1129 9 NY3d 836, 837 [2007], cert denied 552 US 1257 [2008]; compare Canavan v Steenburg, 170 AD2d 858, 859 [1991]; see also Kolev and Collins, The Importance of Due Diligence: Real Estate Transactions in a Complex Land Use World, 84 NY St BJ 24 [Mar./Apr. 2012]). Thus, defendant was entitled to have the complaint against him dismissed.
Lahtinen, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.

 The remaining defendants separately moved to dismiss the complaint against them. Plaintiffs’ appeal from the order deciding that motion is decided herewith (Kreamer v Town of Oxford, 96 AD3d 1130 [2012] [decided herewith]).