11-3066-cv
Hyman v. Cornell University

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

PRESENT:

> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARITA HYMAN,
> *Plaintiff-Appellant,*

-v.-                                                                    No. 11-3066-cv

CORNELL UNIVERSITY, DAVYDD GREENWOOD,
> *Defendants-Appellees.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        Marita Hyman, *pro se*, West Edmeston, NY.

**FOR DEFENDANTS-APPELLEES:**       Nelson E. Roth, Valerie Cross Dorn, Wendy E. Tarlow, Cornell University, Office of University Counsel, Ithaca, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, *Judge*) entered July 1, 2011.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Marita Hyman, *pro se*, appeals the district court's judgment dismissing, on the Appellees' motion to dismiss, her action brought pursuant to Title IX of the Educational Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*, and New York State law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Following our *de novo* review, we affirm the dismissal of Hyman's complaint for substantially the same reasons set forth by the District Court in its July 1, 2011 Memorandum-Decision and Order. *See Hyman v. Cornell University*, No. 10-CV-613, 2011 WL 2620436 (N.D.N.Y. July 1, 2011). On appeal, Hyman asserts, with respect to her Title IX claim asserted against Appellee Cornell University ("Cornell"), that her claim "was not based on . . . 'gender discrimination,'" but rather alleged "unlawful retaliation." Contrary to this assertion, however, Hyman's original complaint, which was filed through counsel, cast her Title IX cause of action solely in terms of discrimination, alleging that Cornell, "by issuing a sanction against [Hyman], and by refusing to penalize [Appellee Davydd] Greenwood for his retaliating against [her], discriminated against [her] in violation of Title IX." Thus, it was not error for the District Court to treat this cause of action as one alleging impermissible discrimination, rather than retaliation, and assess the merits of her Title IX claim under a discrimination rubric.

Moreover, although Hyman moved to file an amended complaint that alleged a Title IX retaliation claim against Cornell, the District Court denied this motion. In her opening brief, Hyman does not set forth any arguments challenging the denial of her motion to amend, nor does she even reference that portion of the District Court's order. In addition, although the last sentence of her reply brief seeks "permission to amend her Complaint after discovery of all relevant facts to include evidence of hostile acts of discrimination," the remainder of her reply brief is devoid of any arguments relating to the denial of her motion to amend. Accordingly, because she has set forth no arguments addressing the District Court's denial of leave to amend, Hyman has abandoned any such challenge. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (explaining that although "appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards . . . [courts] need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal") (internal citations omitted)); *see also*

2

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").

Finally, even if we were to credit Hyman's assertion that her original complaint contained a Title IX retaliation claim against Cornell, the District Court properly concluded that allegations contained in that complaint were insufficient to withstand a motion to dismiss. In response to the defendants' motion, Hyman argued that emails sent in April 2007 between Cornell's Judicial Administrator and Greenwood showed that the Judicial Administrator "urged" Greenwood to file a formal complaint against Hyman, thus demonstrating that Cornell, through its officer, possessed a retaliatory motive in initiating Hyman's disciplinary proceedings. As the District Court found, however, this argument is based on an implausible reading of these emails, which Hyman quoted in her original complaint. In particular, the Judicial Administrator stated, in her final email to Greenwood, that she had "mistakenly" understood that Greenwood had wanted to "pursue [a complaint against Hyman] through the campus judicial system." Thus, rather than "urging" Greenwood to file a formal complaint, the emails, as the District Court correctly found, simply illustrate the Judicial Administrator's misunderstanding of Greenwood's intentions. Although Hyman now argues on appeal that she stated a plausible *prima facie* case of retaliation as demonstrated by the temporal proximity between her April 2007 sexual harassment complaint against Greenwood and Greenwood's May 2007 filing of his formal complaint against her, she did not raise this argument in the District Court and we therefore decline to consider it for the first time on appeal. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below.") (quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004)).

### *CONCLUSION*

We have considered all of Hyman's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3