■ MARITA E. HYMAN, Respondent, v ARTHUR SCHWARTZ et al., Appellants, et al., Defendants. [981 NYS2d 468]—

Stein, J. Appeal from that part of an order of the Supreme Court (Cerio Jr., J.), entered December 20, 2012 in Madison County, which partially denied a motion by defendants Arthur Schwartz and Schwartz, Lichten & Bright, PC to, among other things, dismiss the complaint.

In August 2007, plaintiff—then a Cornell University graduate student—was charged with violating the University's Campus Code of Conduct by allegedly harassing a professor. Following disciplinary proceedings, the University's Hearing Board sustained the harassment charge and issued a penalty, which was, apart from a slight modification, affirmed by the University's Review Board. Plaintiff then retained defendant Arthur Schwartz to represent her in a CPLR article 78 proceeding challenging the University's determination. In addition, Schwartz represented plaintiff in a Title IX claim (see 20 USC § 1681 et seq.). After both of those matters were unsuccessful (Matter of Hyman v Cornell Univ., 82 AD3d 1309 [2011]; Hyman v Cornell Univ., 834 F Supp 2d 77 [2011]), plaintiff commenced the instant action against Schwartz, defendant Schwartz, Lichten & Bright, PC (hereinafter the law firm)—Schwartz's former and now dissolved law firm—and defendants Stuart Lichten and Daniel Bright—his former partners—seeking damages for negligent and intentional infliction of emotional distress and legal malpractice. In the same complaint, plaintiff also challenged an arbitration award made in Schwartz's favor in connection with a fee dispute between Schwartz and plaintiff.

Schwartz and the law firm (hereinafter collectively referred to as defendants) moved, and Lichten and Bright cross-moved, to dismiss the complaint for, among other things, failure to state a cause of action and lack of personal jurisdiction (see CPLR 3211 [a] [7], [8]). Defendants also moved in the alternative for a change of venue (see CPLR 510 [3]). Supreme Court partially granted defendants' motion by dismissing the claims against them for intentional and negligent infliction of emotional distress, and granted the cross motion by Lichten and Bright in is entirety. Defendants now appeal.

Initially, we reject defendants' argument that Supreme Court should have dismissed the claims against the law firm due to lack of personal jurisdiction. Supreme Court found that service was effectuated upon the law firm by delivery of the summons with notice to Schwartz as an officer/director (*see* CPLR 311 [a] [1]; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C311:1 at 359).[1] As limited by their briefs, defendants now argue that, because the law firm was dissolved, service could only be made through the Secretary of State (*see* Business Corporation Law §§ 304, 306 [a]; CPLR 311 [a] [1]; *Bruce Supply Corp. v New Wave Mech.*, 4 AD3d 444, 445 [2004]; *Camacho v New York City Tr. Auth.*, 115 AD2d 691, 693 [1985]; *see also Centennial El. Indus., Inc. v Ninety-Five Madison Corp.*, 90 AD3d 689, 690 [2011], *lv dismissed* 19 NY3d 936 [2012]; *Speroni v Mid-Island Hosp.*, 222 AD2d 497, 498 [1995]). However, the record reflects that the law firm's dissolution postdated the date on which service was purportedly made. Accordingly, defendants' argument lacks merit and no other challenge to the manner of service upon the law firm is before us.

We are also unpersuaded by defendants' contention that Supreme Court should have dismissed plaintiff's first cause of action, which sought a de novo review of an arbitration award made in connection with the attorney fee dispute between plaintiff and Schwartz. Under the Rules of the Chief Administrator of the Courts that govern the fee dispute resolution program (*see* 22 NYCRR part 137), in the event of a fee dispute between an attorney and a client, the client may elect to resolve the dispute by arbitration (*see* 22 NYCRR 137.2 [a]). Where that process has been utilized, "[a] party aggrieved by [an] arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed" (22 NYCRR 137.8 [a]). Here, plaintiff sought arbitration of the fee dispute between her and Schwartz and, after the award was issued, timely exercised her right to a de novo review of such award (*see Landa v Dratch*, 45 AD3d 646, 647-648 [2007]). Inasmuch as there is nothing in the record indicating that plaintiff previously waived her right to such review (*see* 22 NYCRR 137.2 [c]; 137.8 [b]; *Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd.*, 44 AD3d 581, 583 [2007]), Supreme Court properly denied defendants' motion to dismiss this cause of action.

However, defendants correctly argue that Supreme Court should have granted their motion to dismiss the legal malprac-

---

1. There is no affidavit of service in the record.

tice claim. It is well established that, "[i]n order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney's negligence" (*Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008] [internal quotation marks and citation omitted]; *accord Alaimo v McGeorge*, 69 AD3d 1032, 1034 [2010]; *see Kreamer v Town of Oxford*, 96 AD3d 1128, 1128-1129 [2012]; *see also MacDonald v Guttman*, 72 AD3d 1452, 1454-1455 [2010]; *Bixby v Somerville*, 62 AD3d 1137, 1139 [2009]). Here, although the complaint is replete with allegations of Schwartz's alleged failures to use reasonable and ordinary skill in connection with both of plaintiff's underlying claims, it contains no allegation that, but for these alleged failures, plaintiff would have been successful on either claim.[2] Therefore, even if we accept the allegations as true and liberally construe the complaint to allege negligent representation by Schwartz (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Moulton v State of New York*, 114 AD3d 115, 119 [2013]; *Scheffield v Vestal Parkway Plaza, LLC*, 102 AD3d 992, 993 [2013]), the allegations are insufficient to make out a prima facie case of legal malpractice (*see Kreamer v Town of Oxford*, 96 AD3d at 1128; *MacDonald v Guttman*, 72 AD3d at 1455).

Finally, we discern no error in Supreme Court's denial of defendants' motion for a discretionary change of venue (*see* CPLR 510 [3]). To succeed on such an application, the moving party must demonstrate that "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]; *see Cavazzini v Viennas*, 82 AD3d 1343, 1344 [2011]; *State of New York v Quintal, Inc.*, 79 AD3d 1357, 1357-1359 [2010]) and must proffer "detailed relevant information establishing that the convenience of the nonparty witnesses would be enhanced" (*Cavazzini v Viennas*, 82 AD3d at 1344 [internal quotation marks and citations omitted]; *accord Manchester Tech. v Hansen*, 6 AD3d 806, 807 [2004]; *Singh v Catamount Dev. Corp.*, 306 AD2d 738, 738 [2003]). Here, Schwartz's unsupported conclusory statement that all of the witnesses to plaintiff's dealings are located in New York County fell far short of the required showing, and we decline to disturb

---

2. Notably, after Schwartz's representation terminated, plaintiff proceeded on both her state proceeding and federal action, without success.

Supreme Court's exercise of its discretion in this regard (*see Cavazzini v Viennas*, 82 AD3d at 1344). Defendants' remaining contentions have been considered and are either academic or without merit.

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Arthur Schwartz and Schwartz, Lichten & Bright, PC to dismiss the fourth cause of action; motion granted to said extent and said cause of action dismissed; and, as so modified, affirmed.