*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    520432
_____

MARITA E. HYMAN,
                    Appellant,

          v                                   MEMORANDUM AND ORDER

ARTHUR SCHWARTZ,
                    Respondent.
_____

Calendar Date:  January 6, 2016

Before:  McCarthy, J.P., Garry, Rose and Devine, JJ.

                    _____

          Marita E. Hyman, West Edmeston, appellant pro se.

          Advocates for Justice, Chartered Attorneys, New York City
(Arthur Schwartz of counsel), for respondent.

                    _____

McCarthy, J.P.

          Appeals (1) from an order of the Supreme Court (Faughnan,
J.), entered September 2, 2014 in Madison County, which, among
other things, granted defendant's motion to dismiss the
complaint, and (2) from an order of said court, entered December
22, 2014 in Madison County, which denied plaintiff's motion to
renew.

          Defendant, an attorney, represented plaintiff in two
unsuccessful matters (Matter of Hyman v Cornell Univ., 82 AD3d
1309 [2011]; Hyman v Cornell Univ., 834 F Supp 2d 77 [ND NY
2011], affd 485 Fed Appx 465 [2d Cir 2012], cert denied ___ US
___, 133 S Ct 1268 [2013]).  Plaintiff then commenced an action
in 2012 against defendant and others, and defendant successfully
moved to have several – but not all – causes of action dismissed,
including claims for intentional and negligent infliction of

emotional distress (Hyman v Schwartz, 114 AD3d 1110, 1110 [2014], lv dismissed 24 NY3d 930 [2014]). Defendant's subsequent answer in that action set forth various counterclaims including intentional infliction of emotional distress, which was dismissed on appeal (Hyman v Schwartz, 127 AD3d 1281, 1283-1286 [2015]). While the last appeal was pending, plaintiff commenced this action in January 2014 asserting a single cause of action for intentional infliction of emotional distress allegedly caused by defendant's now dismissed counterclaim in the earlier action in which he had asserted intentional infliction of emotional distress against her.[1] Defendant moved to dismiss the complaint and plaintiff moved pursuant to CPLR 3025 to "replead." Supreme Court granted defendant's motion and denied plaintiff's motion. Plaintiff thereafter moved to renew, which Supreme Court denied. She now appeals from both orders.

We affirm. The statements made by defendant in his counterclaim were made within the context of a pending lawsuit and do not provide a basis to support an action against him for intentional infliction of emotional distress (see Kaye v Trump, 58 AD3d 579, 579 [2009], lv denied 13 NY3d 704 [2009]; Walentas v Johnes, 257 AD2d 352, 353 [1999], lv dismissed 93 NY2d 958 [1999]; Yalkowsky v Century Apts. Assoc., 215 AD2d 214, 215 [1995]). Supreme Court properly denied plaintiff's motion to "replead" since her motion was framed as a request to plead the previously dismissed intentional infliction of emotional distress claim from her 2012 action rather than amend a pleading in the current action (see generally CPLR 3025) and, in any event, plaintiff did not submit a proposed amended pleading and "failed to establish that the proposed amendment is not plainly without merit" (Dinstber v Allstate Ins. Co., 110 AD3d 1410, 1412 [2013]; see Boyce v Vazquez, 249 AD2d 724, 727 [1998]). Plaintiff's motion to renew was addressed to "'the sound discretion of the trial court'" (Onewest Bank, FSB v Slowek, 115 AD3d 1083, 1083

---

[1] Plaintiff also commenced, in March 2014, another action in which she alleged legal malpractice and breach of contract. The appeal from Supreme Court's dismissal of that action is decided herewith (Hyman v Schwartz, ___ AD3d ___ [appeal Nos. 519058/520431]).

[2014], quoting <u>Matter of City of New York v New York State Pub. Empl. Relations Bd.</u>, 103 AD3d 145, 152 [2012], <u>lv denied</u> 21 NY3d 855 [2013]), and Supreme Court acted well within that discretion in denying plaintiff's motion, in which she submitted a newspaper article regarding the value of defendant's personal residence. The article was not relevant to plaintiff's action and, as stated by Supreme Court, would not have changed the prior determination (<u>see</u> CPLR 2221 [e] [2]; <u>Johnson v State of New York</u>, 95 AD3d 1455, 1456 [2012]).  The remaining arguments have been considered and are unavailing.

Garry, Rose and Devine, JJ., concur.

ORDERED that the orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court