*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    March 3, 2016                     519058
                                                          520431
_____

MARITA E. HYMAN,

                    Appellant,

          v                              MEMORANDUM AND ORDER

ARTHUR SCHWARTZ et al.,

                    Respondents.
_____


Calendar Date:   January 6, 2016

Before:   McCarthy, J.P., Garry, Rose and Devine, JJ.

_____


          Marita E. Hyman, West Edmeston, appellant pro se.

          Advocates for Justice, Chartered Attorneys, New York City
(Arthur Schwartz of counsel), for Arthur Schwartz and another,
respondents.

          Lichten & Bright, PC, New York City (Daniel R. Bright of
counsel), for Stuart Lichten and another, respondents.

_____


McCarthy, J.P.

          Appeals (1) from an order of the Supreme Court (Faughnan,
J.), entered May 20, 2014 in Madison County, which granted a
motion by defendants Arthur Schwartz and Schwartz, Lichten &
Bright, P.C. to dismiss the complaint against them, and (2) from
an order of said court, entered December 19, 2014 in Madison
County, which, among other things, granted a motion by defendants
Stuart Lichten and Daniel Bright to dismiss the complaint against
them.

Defendant Arthur Schwartz, an attorney, represented plaintiff in two unsuccessful matters (Matter of Hyman v Cornell Univ., 82 AD3d 1309 [2011]; Hyman v Cornell Univ., 834 F Supp 2d 77 [ND NY 2011], affd 485 Fed Appx 465 [2d Cir 2012], cert denied ___ US ___, 133 S Ct 1268 [2013]).  Plaintiff then commenced an action against Schwartz and defendant Schwartz, Lichten & Bright, PC, his former law firm, as well as defendants Stuart Lichten and Daniel Bright, Schwartz's former partners.  Ultimately, and as is relevant here, the complaint against Lichten and Bright was dismissed for a lack of personal jurisdiction, and plaintiff's legal malpractice cause of action against Schwartz and the law firm was dismissed for failure to state a cause of action (Hyman v Schwartz, 114 AD3d 1110, 1110-1112 [2014], lv dismissed 24 NY3d 930 [2014]).[1]

Thereafter, plaintiff commenced this action, again alleging legal malpractice and breach of contract by defendants based on the same events.  Supreme Court thereafter granted a motion by Schwartz and the law firm dismissing the complaint against them.  Subsequently, Lichten and Bright moved to dismiss the complaint and plaintiff moved, among other things, for leave to amend the complaint.  Supreme Court granted the motion to dismiss the complaint against Lichten and Bright and denied plaintiff's motion.  Plaintiff now appeals from both orders, and we affirm.

Although plaintiff's previous dismissal for a failure to state a cause of action was not on the merits and, therefore, has no res judicata effect (see generally Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614, 615-616 [1985]), plaintiff's complaint suffers a similar defect as her previous complaint.  Even when viewed in the light most favorable to plaintiff and granting her the benefit of every reasonable inference, plaintiff fails to

---

[1]  Schwartz also made a counterclaim in the action. Plaintiff commenced another action alleging that Schwartz had intentionally inflicted emotional distress upon her by making that counterclaim.  The appeal from Supreme Court's dismissal of that action is decided herewith (Hyman v Schwartz, ___ AD3d ___ [appeal No. 520432]).

allege facts that could support a reasonable conclusion that Schwartz or the law firm's alleged negligence were a but-for cause of the failure of plaintiff's underlying claims (see Hyman v Schwartz, 114 AD3d at 1112; Siwiec v Rawlins, 103 AD3d 703, 704 [2013]).  Plaintiff's breach of contract claim is duplicative of the malpractice claim because it arises from the same factual allegations, and it is therefore subject to dismissal (see Hyman v Burgess, 125 AD3d 1213, 1215 [2015]).  Otherwise, to state a viable malpractice cause of action against Lichten and Bright, plaintiff was required to allege facts sufficient to support a conclusion that an attorney-client relationship was established (see generally Sucese v Kirsch, 199 AD2d 718, 719 [1993]). Plaintiff alleged facts directly to the contrary, stating that Lichten and Bright refused her requests for legal representation. Accordingly, plaintiff's complaint was properly dismissed.

In addition, Supreme Court did not abuse its discretion in denying plaintiff's motion for leave to amend the complaint given that plaintiff neither submitted a proposed amended pleading nor established that any such amended pleading would not be plainly without merit (see Dinstber v Allstate Ins. Co., 110 AD3d 1410, 1412 [2013]; Boyce v Vazquez, 249 AD2d 724, 727 [1998]). Plaintiff's remaining arguments are also unavailing.

Garry, Rose and Devine, JJ., concur.

ORDERED that the orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court