*Hyman v. Cornell University*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:
>JOHN M. WALKER, JR.,
>DENNIS JACOBS,
>> *Circuit Judges,*
>MICHAEL P. SHEA,\*
>> *District Judge.*

_____

MARITA E. HYMAN,
> *Plaintiff-Appellant*,

-v.-                                                           17-2631

CORNELL UNIVERSITY, DAVID SKORTON,
Individually and as President of Cornell
University, DAVYDD GREENWOOD,
Individually and as Professor of Anthropology,
GEORGE HAY, Individually and as Professor of
Law and Hearing Board Chair, STEPHEN P.
GARVEY, Individually and as Professor of Law
and Review Board Chair, MARY GRANT,
Individually and as Cornell Judicial
Administrator, CHRISTINE SHOEMAKER,
Individually and as Faculty Sex Co-Investigator

_____

\* Judge Michael P. Shea, United States District Court for the District of Connecticut, sitting by designation.

in OWDELQ, **ALAN MITTMAN, Individually and as Sexual Harassment Investigator, PETER LEPAGE, Individually and as Dean of College of Arts and Sciences, JANICE ELLEN GAINOR, Individually and as Associate Dean of Graduate School, TERRY PLATER, Individually and as Assistant Dean of Graduate School, DANILEE POPPENSIEK, Individually and as Assistant Ombudsman, JANE FAJANS, Individually and as Chair of Department of Anthropology, STEVEN SANGREN, Individually and as Director of Graduate Studies, VILMA SANTIAGO-IRIZARRY, Individually and as Associate Professor of Anthropology, DOMINIC BOYER, Individually and as Associate Professor of Anthropology, KURT JORDAN, Individually and as Associate Professor of Anthropology, HIROKAZU MIYAZAKI, Individually and as Associate Professor of Anthropology,**
                    *Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**          Marita E. Hyman, pro se, West Edmeston, NY.

**FOR DEFENDANTS-APPELLEES:**          Valerie Cross Dorn, Cornell University Office
                                        of University Counsel, Ithaca, NY.


        Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

        Marita Hyman, pro se, sued Cornell University, Davydd Greenwood (a senior university faculty member), and sixteen other Cornell employees, alleging violations of the First Amendment, Title IX of the Education Amendments of 1972, and state law.   Hyman, a former Cornell graduate student, argued that her rights were violated when her sexual harassment complaint against Greenwood was dismissed and when she was sanctioned by the school for harassing him.   Hyman's complaint was dismissed as barred by res judicata because her claims relied on the same operative facts as a previous suit she had filed against Cornell and Greenwood.   *See Hyman v. Cornell Univ.,* 834 F.Supp.2d 77 (N.D.N.Y. 2011), *aff'd* 485 F. App'x 465 (2d Cir. 2012).   Hyman's motion for reconsideration was denied.   Hyman appeals both the dismissal and the denial of reconsideration.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

We review the dismissal of Hyman's complaint de novo, *see Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), and the denial of her motion for reconsideration for abuse of discretion, *see Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). We conclude that the district court properly dismissed the complaint (and did not err in denying reconsideration) for substantially the reasons stated in the court's March 30, 2017 memorandum and order. *See Hyman v. Cornell Univ.*, No. 5:15-CV-792(FJS/ATB), 2017 WL 1194231 (N.D.N.Y. Mar. 30, 2017). Hyman's claims are predicated on the same transactions and occurrences that formed the basis of her previous suit. *See L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) ("Even claims based upon different legal theories are barred [by res judicata] provided they arise from the same transaction or occurrence.").

To withstand res judicata, Hyman points to two allegations in her complaint that concern events that post-date her first suit: her withdrawal from Cornell due to its failure to address her complaint of sexual harassment, and the decision of one defendant to ignore an email Hyman sent in 2012. "[C]laim preclusion may apply where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 384 (2d Cir. 2003). Hyman's complaint cannot be read as plausibly raising new claims based on these two additional allegations. *See Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 113–14 (2d Cir. 2000) (noting that the mere inclusion of additional, post-judgment facts cannot be a means of avoiding claim preclusion).

Nor can Hyman avoid claim preclusion by naming additional defendants. While Hyman's second suit named sixteen defendants not named in her first suit, all of them are Cornell professors and administrators whose "interests were adequately represented" by Cornell in the first suit. *Alpert's Newspaper Delivery Inc. v. The N.Y. Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989). Res judicata applies not only to claims "between the same parties," but to claims such as these, involving parties "in privity with" parties to the original action. *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001) (quoting *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir. 1968)); s*ee also Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995) ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion.").

We have considered Hyman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3