■ LISA BERRY, Respondent, v AMBULANCE SERVICE OF FULTON COUNTY, INC., Appellant. [834 NYS2d 396]—

Kane, J. Appeal from an order of the Supreme Court (Giardino, J.), entered May 11, 2006 in Fulton County, which denied defendant's motion to dismiss the complaint.

As a result of being charged with the crime of burglary in the City of Gloversville, Fulton County, plaintiff was suspended without pay from her position as a critical care technician for defendant on February 22, 2005. Following the dismissal of those charges in their entirety in June 2005, plaintiff made multiple requests to her employer for authorization to return to work. Inasmuch as those requests went unanswered, plaintiff commenced this action on December 16, 2005, seeking, in addition to her legal costs, back pay with interest as of February 25, 2005. She subsequently received a termination notice from defendant, dated January 17, 2006, informing her that her services as an "at will" employee had been terminated by action of her employer on November 22, 2005, with such termination "effective immediately." Approximately two weeks later, defendant submitted a motion to Supreme Court seeking the dismissal of plaintiff's complaint for failure to state a cause of action. Supreme Court denied defendant's motion, prompting this appeal.

We affirm. When considering a motion to dismiss pursuant to CPLR 3211 (a) (7), a court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiff[ ] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]). Here, despite defendant's valid contention that an employer may generally terminate an at-will employee at any time, plaintiff has sufficiently alleged that her suspension and termination were related to a legal action she commenced against her employer pursuant to title VII of the Civil Rights Act of 1964 (42 USC § 2000e *et seq.*). Plaintiff's complaint alleges that defendant's stated reason for her suspension had no basis in fact or law. Plaintiff further alleges, by means of letters referenced in her complaint and attached to her affidavit on the motion, that defendant levied burglary charges against her, for the alleged theft of office documents associated with her employment, in direct retaliation for allegations that she had asserted against her immediate supervisor. Inasmuch as such assertions adequately allude to either a constitutionally impermissible purpose or a statutory proscription as the basis for her suspension and termination, Supreme Court properly denied defendant's motion to dismiss

(*compare Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305 [1983]).

Mercure, J.P., Spain and Lahtinen, JJ., concur.

Carpinello, J. (dissenting). Because neither the complaint in this matter nor plaintiff's affidavit in opposition to defendant's motion to dismiss assert the cause of action divined by Supreme Court, I respectfully dissent.

To be sure, a court may "consider affidavits submitted by the plaintiff to remedy any defects in the complaint" on a CPLR 3211 motion to dismiss (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). Here, however, plaintiff never attempted to amplify the theory of her case by affidavit nor did she proffer an amended complaint to assert a cause of action tangentially alluded to in her lawyer's correspondence (*see e.g. Murphy v American Home Prods. Corp.*, 58 NY2d 293, 299 [1983]). Instead, confronted with a challenge to the legal sufficiency of her complaint, plaintiff merely repeated that she had been discharged improperly based on a purportedly inapplicable Department of Health regulation. There is no mention in the affidavit to retaliatory discharge. Under these circumstances, it was not Supreme Curt's obligation to create a theory of liability absent from both the complaint and the affidavit. I would therefore reverse and grant defendant's motion. Ordered that the order is affirmed, with costs.