██ GOOD SAMARITAN HOUSING AND LAND CORPORATION et al., Respondents, v CITY OF HUDSON, Appellant. [856 NYS2d 701]—

Malone Jr., J. Appeal from that part of an order of the Supreme Court (Donohue, J.), entered January 31, 2007 in Columbia County, which, among other things, partially denied defendant's motion to dismiss the complaint.

Plaintiffs owned various parcels of real property located in the City of Hudson, Columbia County that were subsequently acquired by defendant as the result of in rem tax foreclosure proceedings. When defendant prepared to sell two of the parcels at public auction, plaintiffs commenced an action to halt the sale. The parties subsequently entered into settlement discussions which culminated in an agreement whereby defendant agreed to allow plaintiffs to redeem all of the parcels upon pay-

ment of the tax arrears and it, in turn, would discontinue the action. The transfer was scheduled to occur on July 31, 2006, but did not take place because defendant's City Council had not approved it. At that time, the parties entered into a written stipulation of settlement formalizing their agreement. Plaintiffs' payment and the executed quitclaim deeds for the subject parcels were then held in escrow pending the August 2, 2006 meeting of the City Council. The City Council met, but did not approve the transaction and it was never completed.

Thereafter, plaintiffs commenced this action against defendant alleging causes of action for enforcement of the stipulation, breach of contract and fraud, and seeking punitive damages. Defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a claim. Plaintiffs, in turn, cross-moved for summary judgment. Supreme Court declined to dismiss the causes of action for enforcement of the stipulation and breach of contract, but dismissed the fraud claim and request for punitive damages. The court further denied plaintiffs' cross motion for summary judgment. This appeal by defendant ensued.

Initially, we note that on a motion to dismiss for failure to state a claim, "the court 'must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory' " (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004], quoting *1455 Washington Ave. Assoc. v Rose & Kiernan*, 260 AD2d 770, 771 [1999]; *see Berry v Ambulance Serv. of Fulton County, Inc.*, 39 AD3d 1123, 1124 [2007]). Applying these principles to the case at hand, the allegations of the complaint set forth the elements necessary to state causes of action for enforcement of the written stipulation of settlement (*see* CPLR 2104) and breach of contract. Defendant does not argue otherwise, but rather asserts that such causes of action must be dismissed because the City Council's approval was a prerequisite to the transfer under RPTL 1166 and Hudson City Code § 41-1. Defendant's assertion is relevant to its defense of the action and not whether plaintiffs have, in fact, stated a claim on the face of their pleadings. Notably, neither the terms of the parties' agreement nor their written stipulation conditioned the transaction upon the approval of the City Council. In view of this and given that Supreme Court did not convert the motion to one for summary judgment, we find that the court properly declined to dismiss plaintiffs' claims for enforcement of the stipulation and breach of contract (*see Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754, 754 [1996]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.