MINETTE ALAIMO et al., Respondents, v ALAN McGEORGE, Appellant. [893 NYS2d 331]—

McCarthy, J. 

In 1999, plaintiffs, acting pro se, initiated a personal injury action against the Tri-Valley Central School District. On or about May 15, 2004, plaintiffs retained defendant to prosecute their claims. Approximately one month later, plaintiffs' action was struck from the trial calendar because plaintiffs did not have an expert medical witness. Plaintiffs were given one year to restore the case to the calendar but failed to timely comply, and defendant subsequently refunded plaintiffs' retainer and terminated the representation. Six months after their time to do so had expired, plaintiffs moved, pro se, to restore the case to the calendar. Supreme Court (Meddaugh, J.) denied the motion and dismissed the case with prejudice retroactive to June 14, 2005, finding that plaintiffs "set forth no meritorious claim . . . [and] no reasonable excuse for their failure to restore the case to the calendar within [one] year of the case being struck." Plaintiffs' subsequent pro se submission, attaching affidavits, letters and reports from plaintiffs' medical providers was deemed a motion to renew/reargue. In denying that motion, the court noted that the papers submitted with that application "were couched in only the most conclusory terms and failed to establish any causal connection between any allegedly improper conduct by [the school district] and the [infant's] medical conditions."

Plaintiffs then commenced this legal malpractice action against defendant, alleging that he failed to take steps required to preserve their claims, including securing necessary medical testimony, and that he actively concealed the dismissal of the action from plaintiffs. Prior to answering, defendant moved to dismiss the complaint based on collateral estoppel, documentary evidence and failure to state a cause of action (*see* CPLR 3211 [a] [1], [5], [7]). Supreme Court rejected defendant's collateral estoppel claim and denied defendant's motion to dismiss. For the reasons stated below, we affirm.

The essential ingredients of collateral estoppel are " '[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination' " (*Matter of Juan C. v Cortines*, 89 NY2d 659, 667 [1997], quoting *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). It is well settled that " '[t]he party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination' " (*Matter of Juan C. v Cortines*, 89 NY2d at 667, quoting *Kaufman v Eli Lilly & Co.*, 65 NY2d at 456). For collateral

estoppel to apply, it is "critical that the issues are identical" (*People v Roselle*, 84 NY2d 350, 357 [1994]; *see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]).

Defendant's attempt to invoke collateral estoppel is unavailing. Plaintiffs' motion to restore their case against the school district to the calendar required a showing of merit sufficient to establish a triable issue of fact (*see Alise v Colapietro*, 119 AD2d 921, 922 [1986]) and conclusory allegations are inadequate in that setting (*see Fountain v Village of Canastota*, 219 AD2d 781, 782 [1995]). In contrast, on defendant's motion to dismiss, plaintiffs' allegations, including conclusory allegations in supporting affidavits, are deemed to be true (*see Berry v Ambulance Serv. of Fulton County, Inc.*, 39 AD3d 1123, 1124 [2007]). Defendant, therefore, failed to carry his burden to establish an identity of issues between the two actions and is not entitled to invoke the doctrine of collateral estoppel (*see Cary v Fisher*, 149 AD2d 890, 891 [1989]).

On the record before us, plaintiffs have stated a cause of action for legal malpractice. " 'In order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action "but for" the attorney's negligence' " (*Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US —, 128 S Ct 1696 [2008], quoting *AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). Although plaintiffs' evidence may be insufficient to withstand a motion for summary judgment, on an unconverted preanswer motion to dismiss, plaintiffs' allegations are accepted as true and are entitled to the benefit of every reasonable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]).

Plaintiffs' malpractice complaint alleged that defendant's failure to timely perfect their cause of action or obtain relevant and available medical evidence breached the applicable standard of care and caused their meritorious action to be dismissed, which defendant then concealed from plaintiffs, resulting in plaintiffs' loss of a $30 million claim. The medical evidence that plaintiffs submitted in their pro se attempt to restore the action to the calendar stated that the infant's medical conditions were attributable to the school district's actions. Such evidence, together with the allegations in the complaint and favorable inferences drawn thereon (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d

300, 303-304 [2001]) adequately state a claim for legal malpractice (*see Soule v Lozada*, 232 AD2d 825, 825 [1996]).

We have considered defendant's remaining contentions and find them to be without merit.

Spain, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.