Lahtinen, J.
Appeal from an order of the Supreme Court (Sherman, J.), entered August 13, 2012 in Schuyler County, which granted defendants’ motion to dismiss the complaint.
In late 2002, plaintiff underwent a surgical procedure and shortly thereafter developed complications that resulted in three further surgeries, none of which was successful. She retained defendants, which commenced a medical malpractice action in March 2004 against the physician who had performed the initial surgery as well as that physician’s partnership. In late February 2007, and with a trial date scheduled for early March 2007, defendants attempted to withdraw as counsel to plaintiff because, among other things, an expert had not been retained. Supreme Court (Falvey, J.) denied defendants’ motion to withdraw as counsel to plaintiff, granted a motion by the defendants in the medical malpractice action to preclude plaintiff from offering expert testimony at trial and, because a prima facie case could not be established without expert proof, dismissed the medical malpractice action. When plaintiff attempted to obtain her file from defendants, Supreme Court permitted a lien for defendants’ disbursements of $7,500.45.
Plaintiff commenced the instant action in early 2009 alleging, among other things, legal malpractice. Defendants answered and eventually made a motion to dismiss pursuant to CPLR 3211 asserting various grounds including collateral estoppel and failure to state a cause of action. Supreme Court (Sherman, J.) found no merit in the collateral estoppel argument; however, the court determined that plaintiff failed to establish the legal malpractice claim because of a lack of proof that she would have been successful in the underlying medical malpractice action. Finding the remaining causes of action duplicative of the legal malpractice claim, the court dismissed the complaint. Plaintiff appeals.
Plaintiff stated a cause of action for legal malpractice. Elements of such a cause of action include “establish[ing] both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member *1117 of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action ‘but for’ the attorney’s negligence” (AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 434 [2007] [citations omitted]; accord Alaimo v McGeorge, 69 AD3d 1032, 1034 [2010]). In the procedural context of a motion to dismiss for failure to state a cause of action, “the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). “Whether the plaintiff will ultimately be successful in establishing those allegations is not part of the calculus” (London v Kroll Lab. Specialists, Inc., 22 NY3d 1, 6 [2013] [internal quotation marks and citations omitted]) and “a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint” (Leon v Martinez, 84 NY2d 83, 88 [1994]).
Here, plaintiff submitted, among other things, an affidavit and attached memorandum from a physician licensed in New York. This physician had been consulted by defendants in 2003, and he produced his memorandum from such time which set forth in ample detail for purposes of opposing a motion to dismiss that plaintiffs surgeon deviated from appropriate care. His affidavit reaffirmed that he believed there was malpractice in the treatment of plaintiff by her surgeon and, further, stated that he had been available to testify at the scheduled 2007 trial, but was never contacted by defendants. Such proof, together with the detailed allegations in the complaint, state a cause of action.
Defendants urge as an alternative ground for affirmance the collateral estoppel argument that they unsuccessfully asserted before Supreme Court. They premise this argument upon the fact that Supreme Court permitted their lien on plaintiffs file and the line of cases which hold that “where a client does not prevail in an action brought by counsel for the value of professional services, a subsequent action by the client for malpractice is barred by collateral estoppel” (Thruway Invs. v O’Connell & Aronowitz, 3 AD3d 674, 676 [2004]; see e.g. Zito v Fischbein Badillo Wagner Harding, 80 AD3d 520, 521 [2011]). Here, at the appearance regarding the lien on the file, plaintiff was, as stated by Supreme Court in its decision, “expressly prevented by [Supreme] Court from asserting any claims relative to the actual services performed by [defendants, and strictly limited to a discussion of the accuracy of the amount of the disbursements made by [defendants on her behalf.” We agree with *1118 Supreme Court’s characterization of the lien dispute and, under such circumstances, further agree with Supreme Court that plaintiff did not previously have a full and fair opportunity to litigate the issue of whether defendants were negligent so as to support invoking collateral estoppel (see generally Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]). The remaining arguments, to the extent properly before us, are academic or without merit.
Peters, EJ., Rose and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.