Egan Jr., J.
Appeal from an order of the Supreme Court (Mc-Grath, J.), entered April 5, 2013 in Columbia County, which, upon reconsideration, among other things, adhered to its prior decision granting defendants’ motion to dismiss the complaint.
This legal malpractice claim has its origins in a personal *1184 injury action brought by plaintiff against the owner and operator of the truck that rear-ended plaintiffs vehicle in October 2002 while it was stopped at a traffic light. Following joinder of issue in the underlying action, plaintiff discharged his initial counsel and, in September 2003, retained defendants to represent his interests therein. In December 2009, defendants — in the context of the personal injury action — moved for partial summary judgment on the issue of liability. When that motion was denied, plaintiff discharged defendants and retained new counsel to represent his interests upon appeal. Appellate counsel’s efforts were successful — with the Second Department reversing the underlying order and granting plaintiffs motion for partial summary judgment on the issue of liability (Rodriguez v Ryder Truck, Inc., 91 AD3d 935 [2012]).
Plaintiff thereafter commenced this malpractice action against defendants contending that their delay in moving for summary judgment deprived him of the statutory interest theoretically due on his prospective judgment (see CPLR 5002, 5004; cf. Love v State of New York, 78 NY2d 540, 544-545 [1991]; see generally Rice v Valentine, 75 AD3d 631, 631 [2010]). Defendants then brought a pre-answer motion to dismiss the complaint for failure to state a cause of action, and plaintiff cross-moved for a stay of the malpractice action pending resolution of the damages portion of his claim in the personal injury action. By order dated October 23, 2012, Supreme Court granted defendants’ motion and denied plaintiffs cross motion. Plaintiff then moved to reargue contending, among other things, that Supreme Court misapplied the standard of review applicable to a motion to dismiss under CPLR 3211 (a) (7). By order entered April 5, 2013, Supreme Court — although addressing the merits of plaintiffs argument — “denied” the motion to reargue, prompting this appeal.*
As a general proposition, “no appeal lies from the denial of a motion to reargue” (Gonzalez v L’Oreal USA, Inc., 92 AD3d 1158, 1160 [2012], lv dismissed 19 NY3d 874 [2012]). Where, however, the court actually addresses the merits of the moving party’s motion, we will deem the court to have granted reargument and adhered to its prior decision — notwithstanding language in the order indicating that reargument was denied (see Flisch v Walters, 42 AD3d 682, 683 [2007]; Adderley v State of New York, 35 AD3d 1043, 1043 [2006]; Grasso v Schenectady County Pub. Lib., 30 AD3d 814, 816 n 1 [2006]). Accordingly, *1185 Supreme Court’s April 2013 order is appealable as of right (see CPLR 5701 [a] [2] [viii]; Foley v City of New York, 43 AD3d 702, 703 [2007]).
Turning to the merits, the standard to be applied on a motion to dismiss for failure to state a cause of action is both familiar and well settled — “we must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory” (He v Realty USA, 121 AD3d 1336, 1339 [2014] [internal quotation marks and citation omitted]; see Snyder v Brown Chiari, LLP, 116 AD3d 1116, 1117 [2014]). That said, the “favorable treatment” accorded to a plaintiffs complaint is not “limitless” (Tenney v Hodgson Russ, LLP, 97 AD3d 1089, 1090 [2012]) and, as such, “conclusory allegations — claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss” (Godfrey v Spano, 13 NY3d 358, 373 [2009]; accord Barnes v Hodge, 118 AD3d 633, 633 [2014]; see Wiggins & Kopko, LLP v Masson, 116 AD3d 1130, 1131-1132 [2014]).
“In order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney’s negligence” (Leder v Spiegel, 9 NY3d 836, 837 [2007], cert denied Spiegel v Rowland, 552 US 1257 [2008] [internal quotation marks and citation omitted]; accord Hyman v Schwartz, 114 AD3d 1110, 1112 [2014], lv dismissed 24 NY3d 930 [2014]; see MacDonald v Guttman, 72 AD3d 1452, 1454-1455 [2010]). Although the parties debate whether the decision to bring a summary judgment motion and/or the timing thereof can give rise to a claim for legal malpractice in the first instance (see e.g. Siracusa v Sager, 105 AD3d 937, 938-939 [2013]; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 846-847 [2012], lv denied 20 NY3d 857 [2013]; Hand v Silberman, 15 AD3d 167, 167 [2005], lv denied 5 NY3d 707 [2005]; Palazzolo v Herrick, Feinstein, LLP, 298 AD2d 372, 372-373 [2002]) and, further, whether plaintiffs damages — in the absence of a final judgment in the underlying personal injury action — are speculative, these issues need not detain us.
To survive defendants’ motion to dismiss, it was incumbent upon plaintiff to, among other things, “plead specific factual allegations establishing that but for counsel’s deficient repre *1186 sentation, there would have been a more favorable outcome to the underlying matter” (Dweck Law Firm v Mann, 283 AD2d 292, 293 [2001]; see Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 758 [2014]; Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083 [2005], lv denied 6 NY3d 701 [2005]), i.e., an earlier — and successful— award of partial summary judgment on the issue of liability. This plaintiff failed to do. Noticeably absent from both plaintiffs complaint and the bills of particulars submitted in opposition to defendants’ motion to dismiss are any factual allegations to support plaintiffs claim that defendants’ failure to file a motion for partial summary judgment on his behalf prior to December 2009 constituted legal malpractice. Specifically, plaintiff failed to delineate, among other things, the general course and defendants’ overall management of the personal injury action, including when discovery was undertaken and/or completed or whether there were ongoing settlement discussions prior to the filing of the underlying motion. Rather, plaintiff simply alleged — in an entirely conclusory fashion— that “the [subject] motion could have been made at any time once issue was joined” in April 2003. While this theoretically is true (see CPLR 3212 [a]), absent detailed factual allegations documenting the efforts undertaken by defendants over the course of the ensuing six years and the manner in which the litigation progressed, plaintiff simply cannot establish that, had the motion for partial summary judgment been brought prior to December 2009, it would have been successful (compare Fielding v Kupferman, 65 AD3d 437, 441-442 [2009]). This absence of proof is fatal to plaintiffs malpractice claim and, therefore, Supreme Court properly granted defendants’ motion to dismiss upon this ground.
Lynch and Clark, JJ., concur.

 Although plaintiff also belatedly filed a notice of appeal from Supreme Court’s October 2012 order, this Court granted defendants’ motion to dismiss the appeal.