*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    517878
_____

In the Matter of JESSIE J.
    BARNES,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

D. VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs, et al.,
                        Respondents.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Jessie J. Barnes, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Feldstein,
J.), entered October 21, 2013 in Franklin County, which, upon
reargument, adhered to its prior decision dismissing petitioner's
application, in a proceeding pursuant to CPLR article 78, to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
refusing a direct order, violent conduct, making threats,
assaulting staff and violating movement procedures following an

incident that occurred on September 9, 2011 as his mechanical restraints were being removed in his cell. At the tier III disciplinary hearing, petitioner was twice removed for reasons of institutional safety and security based upon disruptive behavior. At its conclusion, he was found guilty of the charges and a restricted diet penalty was imposed. The determination was upheld on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition on the merits in a judgment dated April 1, 2013, finding, among other things, that petitioner had been properly removed from the hearing and that he had not been denied the right to call witnesses. As is relevant here, the court held that petitioner had failed to object when a specified inmate was not called as a witness following that inmate's refusal to testify, as documented in a witness refusal form. Upon petitioner's motion for reargument, the court, after granting reargument, adhered to its prior decision in a judgment entered October 21, 2013. Petitioner now appeals.

To the extent that petitioner raises arguments on this appeal addressed to Supreme Court's underlying judgment dated April 1, 2013, he did not appeal from that judgment. Moreover, petitioner's notice of appeal was not filed until October 30, 2013 and any appeal from that earlier judgment would have been untimely (see CPLR 2103 [b] [2], [c]; 5513 [a], [d]; Matter of Brooks v Connolly, 84 AD3d 1612, 1612 [2011]; Matter of Hanning v McCoy, 4 AD3d 685, 686 [2004]).

With regard to the judgment entered October 21, 2013, Supreme Court addressed and rejected the merits of petitioner's reargument motion. Thus, we "deem the court to have granted reargument and adhered to its prior decision" (Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184 [2015], lv denied 25 NY3d 912 [2015]), and the resulting judgment is appealable as of right (see CPLR 5701 [a] [2] [viii]; Rodriguez v Jacoby, 126 AD3d at 1184-1185). Addressing the merits, we find that the court properly adhered to its prior determination as it had not overlooked or misapprehended anything when it held that, during the course of the hearing, petitioner had failed to raise an objection to the witness's refusal to testify or to the scope of the inquiry into that refusal (see CPLR 2221 [d]). While

petitioner's failure to preserve this claim may be attributable to his removal from the hearing, which he did not challenge on his reargument motion, this does not alter the conclusion that the issue is unpreserved, and there is "no discretionary authority or interest of justice jurisdiction" in proceedings to review administrative determinations pursuant to CPLR article 78 (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; accord Matter of Russo v Annucci, 130 AD3d 1124, 1124-1125 [2015]).  To the extent that the motion is styled as one to renew based upon an unsworn affidavit from the inmate in question, it was properly denied as the submission would not change the prior determination that petitioner failed to object on this point (see CPLR 2221 [e] [2]; Hyman v Schwartz, 127 AD3d 1281, 1285 [2015]).  Petitioner's remaining claims are either unpreserved for our review or lack merit.

        McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


        ORDERED that the judgment is affirmed, without costs.




                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court