Garry, J. (concurring in part and dissenting in part). We concur with the majority that plaintiff’s cause of action for fraud must be dismissed, as it was not pleaded with the high level of specificity and detail required by CPLR 3016 (b). However, fraud is one of just a few causes of action singled out in the CPLR for such heightened standards of particularity in pleading (see CPLR 3016). In contrast, the standards of specificity for legal malpractice, like most other causes of action, are governed by principles of notice pleading, which “are designed to focus attention on whether the pleader has a cause of action rather than on whether he [or she] has properly stated one” (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976] [internal quotation marks and citations omitted]; accord Gagnon v City of Saratoga Springs, 14 AD3d 845, 846 [2005]). The allegations of a complaint generally need not be set forth in detail; it is sufficient if the parties are put on notice of the underlying transactions or occurrences, and the material elements of the cause of action are stated (see CPLR 3013). Here, the allegations of legal malpractice in plaintiff’s complaint—although lacking detail—state factual allegations that provide the degree of notice necessary to satisfy this generous standard. We therefore respectfully dissent from the majority as to that cause of action. The standard to be applied upon a motion to dismiss a pleading for failure to state a cause of action is well established, and was both properly described and applied by Supreme Court. A court considering such a motion must construe the pleading liberally, “accept the facts as alleged in the [pleading] as true, accord [the] plaintiff! ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; accord Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]; Rushaid v Pictet & Cie, 28 NY3d 316, 327 [2016]). The complaint “is deemed to allege whatever can be implied from its statements by fair and reasonable intendment” (Foley v D’Agostino, 21 AD2d 60, 65 [1964] [internal quotation marks and citations omitted]). A complaint should not be dismissed solely because it is poorly or inartfully pleaded; rather, “in order to succeed on the motion, the defendant must convince the court that nothing the plaintiff can reasonably be expected to prove would help; that the plaintiff just doesn’t have a claim” (Siegel, NY Prac § 265 [5th ed 2017]). These principles apply to allegations of legal malpractice (see Leon v Martinez, 84 NY2d at 87-88; New York State Workers’ Compensation Bd. v Program Risk Mgt., Inc., 150 AD3d 1589, 1594 [2017]; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1185 [2015], lv denied 25 NY3d 912 [2015]; Snyder v Brown Chiari, LLP, 116 AD3d 1116, 1117 [2014]; Alaimo v McGeorge, 69 AD3d 1032, 1034 [2010]). The cases relied upon by the majority should not be misunderstood to require a higher standard of detail and specificity for legal malpractice claims than those imposed upon other causes of action by the familiar and fundamental standards of notice pleading (see e.g. 12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1426 [2015] [a complaint alleging breach of contract need not plead the contract’s terms verbatim nor specify which provision of the contract was breached]). No such distinction exists, nor should it. “In order to sustain a claim for legal malpractice, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to [the] plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action but for the attorney’s negligence” (Leder v Spiegel, 9 NY3d 836, 837 [2007] [internal quotation marks and citation omitted], cert denied sub nom. Spiegel v Rowland, 552 US 1257 [2008]). None of the cases relied upon by the majority involves the failure of a complaint alleging these elements to provide adequate factual detail. Instead, these cases each involve complaints that failed because it was not possible upon the facts alleged to support one or more of the elements of legal malpractice. These cases, respectively, involve: a failure to assert facts showing that, but for an attorney’s negligence, a more favorable outcome would have been obtained in the underlying action (see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 909-910 [2016]); a failure to assert facts showing that a defendant’s actions fell below the standard of skill required of a competent attorney (see Kreamer v Town of Oxford, 96 AD3d 1128, 1128 [2012]); and a failure to assert facts, in either the complaint or the bill of particulars, showing that an attorney’s conduct in failing to take an action at a particular time constituted legal malpractice (see Rodriguez v Jacoby & Meyers, LLP, 126 AD3d at 1186). This Court has likewise affirmed the dismissal of legal malpractice causes of action that relied upon nothing more than speculation and conjecture to allege a plaintiff’s damages (see MacDonald v Guttman, 72 AD3d 1452, 1455-1456 [2010]) and that failed to allege “to any degree” that an attorney’s failures prevented a plaintiff from succeeding in an underlying action “or caused [the plaintiff] to sustain ascertainable damages” (Hyman v Burgess, 125 AD3d 1213, 1215 [2015]). The complaint we are examining—although quite spare— does not suffer from these deficiencies, nor, contrary to the majority’s assertion, is it so entirely lacking that it consists of nothing more than “bare legal conclusions with no factual specificity” (Godfrey v Spano, 13 NY3d 358, 373 [2009]). Notably, there is nothing “inherently incredible” about plaintiff’s claims, nor have defendants proffered any form of documentary evidence that refutes or contradicts the allegations (see Myers v Schneiderman, 30 NY3d 1, 11 [2017]; see Maas v Cornell Univ., 94 NY2d 87, 91 [1999]). The complaint asserts that plaintiff retained defendants to provide legal services related to the collection of debts owed to plaintiff and the foreclosure of mortgages in which plaintiff was the mortgagee, that defendants agreed to do so “in a timely, competent and professional” manner, that defendants failed to provide such timely, competent and professional representation to plaintiffs, that, “[b]ut for” this failure, plaintiff would have succeeded in the underlying collection and foreclosure actions, and that if defendants’ failures of timeliness and competence had not occurred, plaintiff would not have incurred damages in the form of lost time and value in the debts to be recovered in the collection and foreclosure actions. It may be readily inferred from these spare allegations that defendants’ delay or incompetence in handling what otherwise would have been successful claims caused the claims to be dismissed or become time-barred, or otherwise prevented plaintiff from recovering all or part of the value of the underlying debts. Plaintiff was not required to prove its case at this early stage of the litigation, nor was it obliged to show that defendants’ malpractice actually caused it to sustain damages. It was required only to “plead allegations from which damages attributable to [defendants’] malpractice might be reasonably inferred” (Rock City Sound, Inc. v Bashian & Farber, LLP, 74 AD3d 1168, 1171 [2010]). When plaintiff’s allegations are construed liberally, accepted as true and given the benefit of every favorable inference, the cause of action sets forth the elements of a legal malpractice claim and provides notice of the “transactions, occurrences, or series of transactions or occurrences, intended to be proved” (CPLR 3013)—that is, the foreclosure and collection actions in which defendants were retained by plaintiff to provide timely, competent and professional representation, but failed to do so. The majority objects to the lack of specific details as to the particular foreclosure and debt collection actions that defendants allegedly handled inadequately. However, that analysis focuses incorrectly on whether plaintiff has properly stated a claim, rather than on whether it has one (see Rovello v Orofino Realty Co., 40 NY2d at 636). The CPLR provides remedies for such a lack of detail, much less drastic than dismissal. When the complaint “is so vague or ambiguous that [the defendant] cannot reasonably be required to frame a response,” the defendant may move for a more definite statement (CPLR 3024 [a]). Where, as here, the issue is lack of detail, so that “what [a defendant] really wants is an amplification of the allegations rather than their clarification,” the ready remedy is to demand a bill of particulars (Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3024:2). The majority rejects the remedy provided by the CPLR on the ground that defendants chose not to avail themselves of it. However, our determination of this appeal does not turn on defendants’ choice of procedure, but upon the governing law. We are charged with determining whether Supreme Court acted properly in denying defendants’ motion to dismiss plaintiff’s cause of action for legal malpractice. That court applied the standards of the CPLR and many years of precedent in finding that, when treated as true and granted the benefit of every favorable inference, the factual allegations in this complaint are sufficient to make out a cognizable case of legal malpractice. We cannot find any error of law in this determination. The majority holding introduces unpredictability and confusion into what was previously settled law, opens the door to the excessive litigation that the CPLR was expressly designed to avoid, and contravenes decades of careful and well-founded application of the principles of notice pleading. It further deprives plaintiff of any opportunity to prove its case at the earliest juncture of the litigation, solely because its pleading—although sufficient to give rise to the reasonable inference that plaintiff suffered losses due to defendants’ legal malpractice—lacks detail that could readily have been obtained by less drastic means. As Supreme Court correctly applied the law and the principles of notice pleading, we would affirm its denial of that part of defendants’ motion that sought dismissal of the legal malpractice cause of action. Rumsey, J., concurs. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants’ motion to dismiss the legal malpractice and fraud causes of action; motion granted to said extent and said causes of action dismissed; and, as so modified, affirmed.