Willig v Danzig, Fishman & Decea (2018 NY Slip Op 05384)





Willig v Danzig, Fishman & Decea


2018 NY Slip Op 05384


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

524688

[*1]WILLIAM P. WILLIG, as Executor of the Estate of WILLIAM J. MORGAN, Deceased, Plaintiff,
v
DANZIG, FISHMAN & DECEA, Now Known as FISHMAN & DECEA, Defendant and Third- Party Plaintiff- Appellant, et al., Defendant; PETER F. SISCA et al., Third-Party Defendants- Respondents. (And Another Related Action and Third-Party Action.)

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Fishman Decea & Feldman, Armonk (Thomas B. Decea of counsel), for defendant and third-party plaintiff-appellant.
Voute, Lohrfink, Magro & McAndrew, LLP, White Plains (Edward Warren of counsel), for third-party defendants-respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Auffredou, J.), entered January 26, 2017 in Warren County, which, upon reargument, adhered to its prior decision granting third-party defendants' motion for summary judgment dismissing the third-party complaint.
In September 2011, William J. Morgan (hereinafter decedent) commenced a legal malpractice action against defendant Danzig, Fishman & Decea (hereinafter defendant) in [*2]Warren County. Defendant, in turn, commenced an action for unpaid legal fees against decedent in Westchester County. After the actions were consolidated in Warren County, defendant commenced a third-party action in April 2015 against third-party defendants, Peter F. Sisca and Sisca & Sisca, P.C. (hereinafter collectively referred to as Sisca), alleging tortious interference with contract, conversion, breach of fiduciary duty, contribution and abuse of process. Following joinder of issue, Supreme Court granted Sisca's motion for summary judgment dismissing the third-party complaint in its entirety, finding in part that a three-year statute of limitations applied to the breach of fiduciary duty claim.
Defendant moved to reargue only with respect to the breach of fiduciary duty cause of action, which it characterized as one in contract governed by a six-year statute of limitations. In this regard, defendant maintained that Supreme Court misconstrued two facts — first, that the court failed to recognize that the claim was based on a contract between defendant and Sisca, as reflected in the retainer agreement between defendant and decedent, and, second, that the court erred in finding that defendant failed to even allege that it had a contractual agreement with Sisca. Upon reviewing defendant's contentions and finding that it neither misconstrued the facts nor the law, Supreme Court denied defendant's motion and defendant now appeals from said order.[FN1]
Initially, we agree with defendant that because Supreme Court actually addressed the merits of defendant's motion, we deem that the court granted reargument and then adhered to its original decision; therefore this appeal is properly before us (see HSBC Mtge. Corp. [USA] v Johnston, 145 AD3d 1240, 1240 [2016]; Matter of Barnes v Venettozzi, 135 AD3d 1250, 1251 [2016]; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184-1185 [2015], lv denied 25 NY3d 912 [2015]). We recognize that a party may successfully oppose a motion for summary judgment by relying on an unpleaded cause of action if such a cause of action is supported by the party's submissions (see CPLR 3018 [b]; Balashanskaya v Polymed Community Care Ctr., P.C., 122 AD3d 558, 559 [2014]; Drago v Spadafora, 94 AD3d 1041, 1042 [2012]; Sheils v County of Fulton, 14 AD3d 919, 921 [2005], lv denied 4 NY3d 711 [2005]). The record shows that Sisca signed the retainer agreement with decedent on behalf of defendant, which agreement identified Peter F. Sisca and Thomas Decea, the latter of whom was one of defendant's named partners, as the attorneys primarily "responsible for this engagement." While defendant maintains that its contract with Sisca was inherent in its cocounsel relationship under the retainer agreement, the third-party complaint does not include a cause of action for breach of contract, and defendant actually characterizes its breach of fiduciary duty claim against Sisca as a tort. Moreover, the third-party complaint expressly identifies the retainer agreement between decedent and defendant as the "contract." As such, we find no abuse of discretion in Supreme Court's determination that a three-year limitations period applies to defendant's breach of fiduciary duty claim, which seeks purely monetary relief (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]).
Garry, P.J., McCarthy, Devine and Mulvey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: In view of the limited notice of appeal, defendant's arguments with respect to its contribution and abuse of process causes of action are not properly before this Court (see Matter of Central N.Y. Oil & Gas Co., L.L.C. [LaDue], 107 AD3d 1199, 1203 [2013]).